RECEIVED
17 DEC 29 AM 11:48
CITY OF SEATTLE
MAYOR'S OFFICE

IN THE SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| BETHEAL HABTE GEBREHAWARIAT,<br><br>Plaintiff,<br><br>vs.<br><br>SEATTLE CITY LIGHT; TUAN TRAN; MELODY RETALLACK; and DOES I THROUGH X, inclusive,<br><br>Defendants. | Case No. 17-2-33350-6 SEA<br><br>**COMPLAINT FOR DAMAGES**<br><br>(Unlawful Employment Practices, Jury Trial Demanded) |

## INTRODUCTION

1. This is an action for damages based on employment discrimination against the City of Seattle which has cause plaintiff to suffer a deprivation of his statutory rights.

## VENUE

2. The unlawful employment practices alleged below were committed within the geographical boundaries of King County; thus, the Seattle Courthouse is the appropriate forum for this case.

## PARTIES

COMPLAINT FOR DAMAGES - 1

CIVIL RIGHTS JUSTICE CENTER PLLC
2150 NORTH 107TH ST. STE. 520
SEATTLE, WASHINGTON 98133
(206) 557-7719 / FAX: (206) 659-0183

3. Plaintiff Betheal Gebrehawariat is an Ethopian, African born adult male citizen of the United States who resides in King County, Washington. Plaintiff was hired by Seattle City Light as an Electrical Engineer in 2011.

4. Defendant Seattle City Light is a department of the City of Seattle, and is the public utility providing electrical power to Seattle, Washington, and parts of its metropolitan area. Seattle City Light is headquartered in the City of Seattle, in King County.

5. Defendant Tuan Tran was, at all times relevant, an Energy Delivery Engineering Director for Seattle City Light and, in doing the things complained of herein, was acting as its agent and within the course and scope of his employment by Seattle City Light. Seattle City Light is strictly liable for all of the acts committed by defendant Tuan Tran.

6. Defendant Melody Retallack was, at all times relevant, a Human Resources Representative for Seattle City Light and, in doing the things complained of herein, was acting as its agent and within the course and scope of her employment by Seattle City Light. Seattle City Light is strictly liable for all of the acts committed by defendant Melody Retallack.

7. Defendants Does I through X, in doing the things complained of herein, were acting under color of law and within the course and scope of their employment by defendant Seattle City Light.

## FACTUAL BACKGROUND

8. Plaintiff was hired by Seattle City Light as an Electrical Engineer in 2011.

COMPLAINT FOR DAMAGES - 2

CIVIL RIGHTS JUSTICE CENTER PLLC
2150 NORTH 107TH ST. STE. 520
SEATTLE, WASHINGTON 98133
(206) 557-7719 / FAX: (206) 659-0183

9. In the course of his employment with Seattle City Light, plaintiff has routinely met and exceeded job expectations on annual reviews. Plaintiff has been repeatedly commended by his superiors for his work performance.

10. For his 2013 annual performance review, plaintiff received two "Exceeds Expectations" and three "Meets Expectations."

11. After his 2013 review, plaintiff received an email praising his work from his supervisor, Hamed Zadeghol, for his contributions to the Alaskan Way viaduct project and Amazon and future Denny substation projects.

12. Plaintiff received four "Exceeds Expectations" and one "Meets Expectations" on his 2014 annual review.

13. In January of 2014, plaintiff was passed over for a promotion while other employees, not as qualified, who were hired at the same time as plaintiff were promoted.

14. In February of 2015, plaintiff was due to be promoted to Assistant II. This promotion was approved by plaintiff's supervisor, but was denied by Defendant Tuan Tran, the director. Plaintiff was informed that he would have to be reviewed twice a year before he would be eligible for a promotion. No other employee was subjected to this review policy.

15. Plaintiff and his manager Bob Reach made a complaint to Seattle City Light human resources on March 10, 2015. The status of this investigation is unknown.

16. Plaintiff received four "Exceeds Expectations" and one "Meets Expectations" on his first annual review in 2015.

17. In June of 2015, plaintiff was again approved for promotion by his supervisor and manager. However, defendant Than once again denied plaintiff's promotion, and instead told plaintiff to "wait patiently".

COMPLAINT FOR DAMAGES - 3

CIVIL RIGHTS JUSTICE CENTER PLLC
2150 NORTH 107TH ST. STE. 520
SEATTLE, WASHINGTON 98133
(206) 557-7719 / FAX: (206) 659-0183

18. In July of 2015, plaintiff requested an update on his expected performance-based promotion.

19. In July of 2016, plaintiff's manager Bob Reach attempted to promote plaintiff once again. This promotion was also rejected by the director, defendant Tran. During this round of promotions, director Tran read names of candidates and selected employees for promotions based on their names. Plaintiff was disqualified from promotion based on his name.

20. In April of 2016, plaintiff was interrogated coercively for over three hours by Seattle City Light human resources employee Melody Retallack. Plaintiff was denied his Weinger Rights, and multiple requests for a union representative by plaintiff were rejected.

21. In October of 2016, plaintiff received an email from supervisor Zadeghol commending his work on the Cable Ampacity Study using CYME software never used in his group. Plaintiff learned the new software and finished the project in three days.

22. In February of 2017, plaintiff was wrongfully downgraded, in spite of his excellent performance. This downgrade was due to false accusations against plaintiff by a coworker.

23. Seattle City Light encouraged plaintiff's coworker, Juliet Acevedo, to file a wrongful harassment claim against plaintiff. Individuals from the Human Resources Department at Seattle City Light assisted Ms. Acevedo in preparing her complaint.

24. Plaintiff had his access to his work building restricted by John Flower and Doug Williams from the SCL Security Department. Defendants also reviewed security footage unlawfully to help Ms. Acevedo file her complaint and searched through plaintiff's computer in a blatant invasion of plaintiff's privacy.

COMPLAINT FOR DAMAGES - 4

CIVIL RIGHTS JUSTICE CENTER PLLC
2150 NORTH 107TH ST. STE. 520
SEATTLE, WASHINGTON 98133
(206) 557-7719 / FAX: (206) 659-0183

25. Before plaintiff was even notified that he was being investigated, DaVanna Johnson and Jai Elliott began looking into plaintiff's work history, relationships, and performance. Other HR officials also investigated plaintiff for over four weeks without giving him any notification.

26. When the restraining order was finally filed by Ms. Acevedo, plaintiff was forced to take vacation time from December 2015 to January 2016.

27. Plaintiff was told by Chris Thomas, a Seattle City Light human resources employee, that there was no hearing for the restraining order and that plaintiff did not need to attend. Thomas intentionally misled plaintiff with the intent of helping Ms. Acevedo. In fact, there was a hearing and the court made a ruling.

28. Since returning from leave, plaintiff has been repeatedly retaliated against by Seattle City Light supervisors for engaging in protected activity regarding his employment complaints.

29. Plaintiff's Seattle based paid FMLA has been interfered with, and his employee account was disabled for over two weeks after he returned to work.

30. Plaintiff has been given defective equipment, denied access to valuable software, and harassed by the office of the Director since his return. He has also been improperly written up in retaliation for his complaints about discrimination.

31. All of plaintiff's efforts to resolve these issues internally have been ignored. Plaintiff's multiple complaints through his Union have never been properly addressed nor received any response.

32. The treatment plaintiff had been subjected to by defendants has caused him mental and emotional distress, lost wages, humiliation, and embarrassment.

CIVIL RIGHTS JUSTICE CENTER PLLC
2150 NORTH 107TH ST. STE. 520
SEATTLE, WASHINGTON 98133
(206) 557-7719 / FAX: (206) 659-0183

## FIRST CAUSE OF ACTION

(Racial Discrimination – 42 U.S.C. § 1981)

33. Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 32 with the same force and effect as if such paragraphs were separately realleged in this First Cause of Action.

34. At all times herein mentioned, plaintiff was an employee and a citizen protected by 42 U.S.C. § 1981, specifically, against practices which constituted discrimination or discriminatory treatment based on his race—Black/African.

35. Plaintiff has been discriminated against in the terms and conditions of his employment relationship with each defendant because of his race, and has been denied those same conditions and privileges of employment otherwise afforded to his Caucasian or non-African counterparts.

36. As a proximate result of defendants' discriminatory action against plaintiff, as alleged above, plaintiff has been harmed in that he has suffered a loss of wages and benefits. As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof at trial.

## SECOND CAUSE OF ACTION

(Retaliation – 42 U.S.C. § 1981)

37. Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 36 with the same force and effect as if such paragraphs were separately realleged in this Second Cause of Action.

38. Defendants engaged in unlawful employment practice in violation of 42 U.S.C. § 1981 by demoting plaintiff in retaliation for his complaints of racial discrimination

COMPLAINT FOR DAMAGES - 6

CIVIL RIGHTS JUSTICE CENTER PLLC
2150 NORTH 107TH ST. STE. 520
SEATTLE, WASHINGTON 98133
(206) 557-7719 / FAX: (206) 659-0183

and by refusing to promote plaintiff, despite plaintiff being undoubtedly qualified for promotion.

39. The effect of defendants' actions has been to deprive plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his protected activity of reporting racial discrimination.

40. As a proximate result of defendants' discriminatory action against plaintiff, as alleged above, plaintiff has been harmed in that he has suffered a loss of wages and benefits, plus interest, that he would have been entitled to if he had been properly promoted. As a result of such retaliation and discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof at trial.

41. As a further proximate result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that he has suffered humiliation, embarrassment, loss of reputation, mental anguish, anxiety, mortification, loss of good health, and emotional and physical distress in an amount according to proof at trial.

### THIRD CAUSE OF ACTION

(Racial Discrimination – WLAD)

42. Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 41 with the same force and effect as if such paragraphs were separately realleged in this Third Cause of Action.

43. Under RCW 49.60.180, The Washington Law Against Discrimination (WLAD) bars employers from discriminating against any individual in compensation or in other terms or conditions of employment because of race, creed, color, or national origin.

COMPLAINT FOR DAMAGES - 7

CIVIL RIGHTS JUSTICE CENTER PLLC
2150 NORTH 107TH ST. STE. 520
SEATTLE, WASHINGTON 98133
(206) 557-7719 / FAX: (206) 659-0183

44. Despite plaintiff's superior work performance, defendants have repeatedly refused to give plaintiff the promotion he deserves. Defendants did not subject other, non-African employees with the same level of seniority to the same mistreatment. Defendants substantially or wholly considered plaintiff's race in refusing to give plaintiff this promotion. This is evident from the fact that in July of 2016, defendant Than disqualified plaintiff from receiving a promotion based on his name, which is of African origin.

45. As a proximate result of defendants' discriminatory action against plaintiff, as alleged above, plaintiff has been harmed in that he has suffered a loss of wages and benefits. As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION

(Retaliation-WLAD)

46. Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 45 with the same force and effect as if such paragraphs were separately realleged in this Fourth Cause of Action.

47. Defendants engaged in unlawful employment practices in violation of the Washington Law Against Discrimination by demoting plaintiff in retaliation for his complaints of discrimination, and by refusing to promote plaintiff in spite of the fact that plaintiff was clearly qualified for promotion.

48. The effect of defendants' actions has been to deprive plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his protected activity of reporting racial discrimination.

COMPLAINT FOR DAMAGES - 8

CIVIL RIGHTS JUSTICE CENTER PLLC
2150 NORTH 107TH ST, STE. 520
SEATTLE, WASHINGTON 98133
(206) 557-7719 / FAX: (206) 659-0183

49. As a proximate result of defendants' discriminatory action against plaintiff, as alleged above, plaintiff has been harmed in that he has suffered a loss of wages and benefits. As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION

(FMLA Interference and Denial)

50. Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 49 with the same force and effect as if such paragraphs were separately realleged in this Fifth Cause for Action.

51. The Seattle Municipal Code requires that employees be compensated for taking family leave or FML.

52. Defendants interfered with plaintiff's FMLA and family leave by punishing him for taking it a described above and denied him payment for days he was off on leave.

53. As a proximate result of defendants' unlawful actions against plaintiff, as alleged above, plaintiff has been harmed in that he has suffered a loss of wages and benefits. As a result of such action and consequent harm, plaintiff has suffered such damages in an amount according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this Court enter judgment against each defendant, granting plaintiff:

A. Declaratory judgment that the acts, policies, and practices of defendants, as complained of herein, violated the rights of plaintiff as secured by the laws of the United States and the State of Washington;

COMPLAINT FOR DAMAGES - 9

CIVIL RIGHTS JUSTICE CENTER PLLC
2150 NORTH 107TH ST. STE. 520
SEATTLE, WASHINGTON 98133
(206) 557-7719 / FAX: (206) 659-0183

B.  Award damages to plaintiff for economic damages, emotional, physical, and mental distress against all defendants in an amount according to proof at trial;

C.  Back and front pay, according to proof at trial;

D.  Plaintiff's costs of suit, including statutory attorney's fees; and

E.  Such further relief as this Court deems appropriate.

DATED this 28th day of December, 2017.

CIVIL RIGHTS JUSTICE CENTER, PLLC

*signature*

**Darryl Parker**, WSBA #30770
dparker@civilrightsjusticecenter.com

COMPLAINT FOR DAMAGES - 10

CIVIL RIGHTS JUSTICE CENTER PLLC
2150 NORTH 107TH ST. STE. 520
SEATTLE, WASHINGTON 98133
(206) 557-7719 / FAX: (206) 659-0183