UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BETHEAL HABTE GEBREHAWARIAT,<br><br>Plaintiff,<br><br>v.<br><br>SEATTLE CITY LIGHT, *et al.*,<br><br>Defendants. | CASE NO. C18-128 RSM<br><br>ORDER GRANTING IN PART DEFENDANT SEATTLE CITY LIGHT'S MOTION TO COMPEL DISCOVERY AND EXTEND DEADLINES |

## I. INTRODUCTION

This matter is before the Court on Defendant Seattle City Light's Motion to Compel Discovery and Extend Deadlines. Dkt. #36. Defendant Seattle City Light ("City Light") served discovery requests more than a year ago, the requests have gone unanswered, and City Light now seeks responses to the requests and an extension of certain deadlines in this case. *Id.* Plaintiff has not responded. For the following reasons, the Court grants City Light's Motion, in part.

## II. BACKGROUND

During the pendency of this matter, Plaintiff has proceeded both with counsel and pro se. On May 16, 2018, while Plaintiff was proceeding pro se, City Light served him with its First Interrogatories & Requests for Production. Dkt. #37 at ¶ 3. Plaintiff requested and was granted several extensions while he sought to retain counsel. *Id.* at ¶ 4. After retaining counsel in September 2018, City Light continued to grant extensions to pursue settlement negotiations.

ORDER – 1

*Id.* at 5–6. When settlement talks stalled, City Light sought responses to the outstanding discovery and attempted to schedule Plaintiff's deposition. *Id.* at ¶¶ 8–9. Shortly thereafter, Plaintiff's counsel sought to withdraw and ultimately did so on April 18, 2019. Dkt. #35. City Light thereafter attempted to communicate with Plaintiff about the outstanding discovery requests and scheduling his deposition. Dkt. #37 at ¶¶ 23–26.

Of primary importance, the parties did confer by telephone prior to City Light filing this Motion on April 29, 2019. *Id.* at ¶ 26. Plaintiff indicated that he believed that documents included with a prior settlement demand[1] were responsive and that he was not willing to provide further responses, to either interrogatories or requests for production, or schedule his deposition until after he retained new legal counsel. *Id.* Plaintiff was not able to provide a date upon which he would retain new legal counsel or by which he could provide responses and schedule his deposition. *Id.* Accordingly, City Light brought this Motion. Plaintiff has not responded.

### III. DISCUSSION

**A. Motion to Compel**

**1. Legal Standard**

Under Federal Rule of Civil Procedure 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

---

[1] Plaintiff apparently asserts that these documents were submitted to City Light without his consent. Dkt. #37 at ¶ 26.

ORDER – 2

FED. R. CIV. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. FED. R. CIV. P. 37(a)(1). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

   2. **Discussion**

Plaintiff has not responded to this Motion. Pursuant to Local Civil Rule 7, "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b)(2). The Court accordingly does so. Further, City Light's discovery requests have been outstanding for over a year and Plaintiff has provided no indication when he will respond to them or when he will consent to his deposition. It is Plaintiff's duty to provide requested discovery, unless, if he feels a request is not appropriate, he timely objects and/or seeks relief from the Court. Plaintiff has not sought relief from the Court, has not provided any basis for the Court to conclude that City Light's discovery should not be permitted, and has not given any indication of when responses will be forthcoming. An order compelling discovery is warranted.

City Light discloses, however, that there may be some irregularities in service. Dkt. #38. The day that its Motion was filed, City Light mailed copies of its documents to Plaintiff at the address listed for Plaintiff on the docket.[2] Dkt. #36 at 10; Dkt. #38 at ¶ 2. City Light also emailed copies of its documents to Plaintiff. *Id.* The parties had previously communicated by email and

---

[2] The Court notes that there is a discrepancy as to Plaintiff's correct address. Previously, the Court was informed that Plaintiff resided at 1203 NE 135th Street, Apt. 201, Seattle Washington, 98125. Dkts. #13 and #17. More recently, the Court was informed that Plaintiff resides at 1203 NE 135th Street, Apt. 210, Seattle Washington, 98125. Dkts. #28 and #35. The Court will send this Order to both addresses and relies on Plaintiff to apprise the Court of his correct address.

ORDER – 3

Plaintiff responded to City Light's service email the next day,[3] indicating that he would like to pick up a hard copy from City Light's counsel's office. Dkt. #38 at p. 8. City Light responded that it had already sent Plaintiff a copy through the mail. *Id.* at ¶¶ 3–4. Two weeks later, Plaintiff indicated to City Light that he had never received a hard copy. *Id.* at ¶ 6. Plaintiff picked up a hard copy that same day—May 16, 2019. *Id.* at ¶ 7.

As noted, Plaintiff has not raised the issue of service with the Court. City Light request that the Court excuse any discrepancy as Plaintiff received actual notice of the motion. *Id.* at ¶ 8. The Court notes that City Light appears to have made proper service by mail. FED. R. CIV. P. 5(b)(2)(C) (service by mail at person's last known address "complete upon mailing"). Further, the strong weight of the evidence supports a finding that Plaintiff received actual notice of the Motion and electronic copies of the documents by email on the day they were filed. Accordingly, the Court accepts service subject to the condition that the Court will reconsider the issue should Plaintiff timely raise it.

### B. Extension of Deadlines

Lastly, City Light requests that pending deadlines be reset due to Plaintiff's failure to respond to discovery. Federal Rule of Civil Procedure 16(b)(4) provides that scheduling orders "may be modified only for good cause and with the judge's consent." City Light requests that the Court not alter trial related deadlines, but extend the deadlines for discovery motions, completion of discovery, and dispositive motions.

The Court will not grant City Light's requested relief as doing so would leave the Court inadequate time to consider dispositive motions before pre-trial deadlines. But the Court does find good cause for a modification of the case schedule in this matter. Accordingly, to

---

[3] The Court notes that this is strong evidence that Plaintiff received actual notice of the motion by receipt of the electronic copy City Light sent to him.

ORDER – 4

accommodate City Light's request and this Court's docket, the Court strikes the current trial date, resets the trial date, and resets relevant deadlines as specified below.

## IV. CONCLUSION

Having reviewed City Light's Motion, documents filed in support, and the remainder of the record, the Court finds and ORDERS:

1. Defendant Seattle City Light's Motion to Compel Discovery and Extend Deadlines (Dkt. #36) is GRANTED IN PART.

    a. Plaintiff shall serve on Defendants, **by no later than May 31, 2019**, his complete responses to Defendant City Light's First Interrogatories and Requests for Production. **Plaintiff is warned that his failure to respond may result in sanctions, including dismissal of his case.**

    b. **Plaintiff shall appear for a videotaped deposition on June 7, 2019.**

    c. The Clerk shall reset the trial date and the specified deadlines as follows (all other deadlines remain as previously set in the Order Setting Trial Date and Related Dates (Dkt. #32)):

| | |
|---|---|
| **JURY TRIAL DATE** | **November 18, 2019** |
| Deadline for filing motions related to discovery. Any such motions shall be noted for consideration pursuant to LCR 7(d)(3) | July 5, 2019 |
| Discovery completed by | July 22, 2019 |
| All dispositive motions must be filed by and noted on the motion calendar no later than the fourth Friday thereafter (see LCR 7(d)) | August 20, 2019 |
| Mediation per LCR 39.1(c)(3), **if requested by the parties**, held no later than | October 4, 2019 |

ORDER – 5

| | |
|---|---|
| All motions in limine must be filed by and noted on the motion calendar no later than the THIRD Friday thereafter | October 21, 2019 |
| Agreed pretrial order due | November 6, 2019 |
| Trial briefs, proposed voir dire questions, jury instructions, neutral statement of the case, and trial exhibits due | November 13, 2019 |

2. The Clerk shall send a copy of this Order to Plaintiff, via U.S. Mail, at the following two addresses:

Betheal Gebrehawariat
1203 NE 135th St. #201
Seattle, WA 98125

Betheal Gebrehawariat
1203 NE 135th St. #210
Seattle, WA 98125

Dated this 22nd day of May 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 6