UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BETHEAL HABTE GEBREHAWARIAT,<br><br>Plaintiff,<br><br>v.<br><br>SEATTLE CITY LIGHT, *et al.*,<br><br>Defendants. | CASE NO. C18-128 RSM<br><br>ORDER GRANTING DEFENDANT SEATTLE CITY LIGHT'S MOTION FOR SANCTIONS AND DISMISSING CASE |

## I. INTRODUCTION

This matter is before the Court on Defendant Seattle City Light's Motion for Sanctions. Dkt. #40. Due to Plaintiff's repeated failures to provide responses to interrogatories and requests for production, Defendant City Light ("City Light") brought a motion to compel responses. Dkt. #36. This Court granted the motion and ordered Plaintiff to respond. Dkt. #39. Plaintiff did not comply with the Court's order and City Light now asks the Court to dismiss Plaintiff's action as a sanction for his failure to respond. Dkt. #40. Plaintiff does not oppose the request. For the following reasons, the Court grants City Light's Motion for Sanctions and dismisses the case.

## II. BACKGROUND

This case has not significantly advanced since it was first removed to this Court on January 26, 2018. Instead, it has limped and stumbled toward the mirage of an ever-shifting trial date. Plaintiff's has been represented by two different attorneys, with each ultimately seeking to

ORDER – 1

withdraw to avoid violation of the Rules of Professional Conduct. Dkts. #13 and #33. Other than joint submissions and motions to withdraw, Plaintiff has not filed any motion with this Court. Since April 18, 2019, when Plaintiff last went pro se, he has not filed anything with the Court including a response to City Light's Motion to Compel Discovery and Extend Deadlines (Dkt. #36) or this Motion for Sanctions (Dkt. #40). In short, Plaintiff has given this Court no indication that he intends to pursue this matter.

For its part, City Light has had some continued interactions with Plaintiff but has not fared much better. City Light served a first set of interrogatories and requests for production on Plaintiff on, or about, May 16, 2018. Dkt. #41 at 5–18. Despite Plaintiff being represented for some portion of that time, City Light has never received responses to any of its discovery requests. *See* Dkt. #37. Facing approaching discovery deadlines, City Light sought to compel Plaintiff's compliance with its discovery requests. Dkt. #36. As noted, Plaintiff did not oppose the motion and the Court required Plaintiff to "serve on Defendants, by no later than May 31, 2019, his complete responses to Defendant City Light's First Interrogatories and Requests for Production" and to "appear for a videotaped deposition on June 7, 2019." Dkt. #39 at 5 (emphasis omitted). Plaintiff was specifically warned that failure to respond to the discovery requests "may result in sanctions, including dismissal of his case." *Id.* (emphasis omitted).

City Light indicates that on May 30, 2019, Plaintiff requested another extension of time to comply with the Court's order, a request that City Light denied. Dkt. #41 at ¶¶ 4–8. Plaintiff did not provide any responses by May 31, 2019. *Id.* at ¶ 7. Plaintiff did appear for his deposition on June 7, 2019 but did not provide any documents other than a "two-page document listing names of other engineers that he said the union had provided him" earlier that day. *Id.* at ¶ 8. Throughout his deposition, Plaintiff "testified repeatedly that he could not answer questions

without reviewing documents" in his possession but which he has never provided to City Light. *Id.*; *see also* Dkt. #41 at 28–52.

### III. DISCUSSION

**A. Legal Standards**

The scope of discovery under the Federal Rules of Civil Procedure is broad. FED. R. CIV. P. 26(b)(1).[1] Parties are required to respond to both interrogatories and requests to produce documents within 30 days of being served with the requests. FED. R. CIV. P. 33(b)(2) ("responding party must serve its answers and any objections within 30 days after being served with the interrogatories"); FED. R. CIV. P. 34 (b)(2)(A) (responding party must "respond in writing within 30 days after being served"). The Federal Rules of Civil Procedure also provide for sanctions for failing to comply with a court order and for failing to respond to interrogatories or document requests. FED. R. CIV. P. 37(b)(2), (d)(3). Under Rule 37, the court have broad discretion in the crafting of appropriate sanctions, up to and including dismissal. *Id.*; *Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981).

Where a court considers dismissal as a remedy for failure to comply with a court order, the court is to consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

---

[1] Federal Rule of Civil Procedure 26(b)(1):

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

ORDER – 3

*In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). The "factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *Id.* (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). Additionally, the Court should consider the willfulness of the conduct. *Henry v Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1995) ("'disobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault") (citations omitted).

**B. Dismissal Is Appropriate**

Here, consideration of the five relevant factors leads the Court to conclude that dismissal is the appropriate sanction. Plaintiff has not indicated any interest in seriously pursuing this matter. A sanction short of dismissal would necessitate yet another continuance of the trial date—currently November 18, 2019.[2] Despite not being heavily litigated, this case has cluttered the Court's docket for long enough and should be concluded. While the Court notes the strong preference for resolution of cases on their merits, Plaintiff appears unlikely to pursue this matter to the merits and his failure to provide relevant documentation or testimony casts serious doubt on the merits of his action.

Perhaps most seriously, a remedy short of dismissal would appear to prejudice City Light. Litigation depends on access to relevant evidence. *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 477 (1977) (noting that "the functioning of our adversary legal system [] depends upon the availability of relevant evidence in carrying out its commitments both to fair play and to the discovery of truth within the bounds set by law") (citations omitted). Without access to evidence,

---

[2] The Court's previous deadline for completing discovery has passed and the deadline for dispositive motions is fast approaching. *See* Dkt. #39.

ORDER – 4

City Light would certainly be prejudiced in defending itself at trial. But City Light is also unable to determine whether this case can be resolved short of trial or on summary judgment as Plaintiff has prevented it from analyzing or considering his evidence. Without the aid of relevant discovery, this action is unlikely to resolve absent dismissal.

Nor do sanctions short of dismissal appear appropriate. As noted above, this evidence is essential to City Light defending against Plaintiff's claims. Plaintiff did not provide answers or produce documents in response to City Light's requests, did not contest its motion to compel, and failed to comply with the Court's resultant order. Similarly, Plaintiff has not responded to City Light's Motion for Sanctions, alone a basis for granting the Motion.[3] LCR 7(b)(2) ("if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit"). Plaintiff has not indicated a willingness to comply with further orders of this Court, has not proposed any lighter sanction, and has not provided any justification. The Court must assume Plaintiff's actions are willful, leaving dismissal as the most appropriate sanction.[4]

---

[3] The Court notes that there were some issues with the noting date of City Light's Motion for Sanctions. City Light originally filed its Motion on Thursday June 27, 2019 and noted it for the Court's consideration on July 12, 2019. In so doing, City Light treated the Motion as a "third Friday motion" pursuant to Local Civil Rule 7(d)(3). Realizing that its Motion should be noted as a "fourth Friday motion" as it sought dismissal, City Light renoted its Motion on Friday June 28, 2019 for consideration on July 19, 2019. Dkt. #42. This was four Fridays after the original filing date. However, if the Court, or Plaintiff, were to treat the Motion as only having been correctly noted as of Friday June 28, 2019, the following fourth Friday would have been July 26, 2019. Regardless, the matter is now moot as Plaintiff's response would have been due no later than July 22, 2019. Plaintiff has been afforded a full opportunity to respond and has not done so.

[4] City Light indicates that Plaintiff has asserted some vague concerns that materials will be altered if he provides them to City Light. Dkt. #41 at ¶ 9. Regardless, Plaintiff has never raised the issue with the Court or sought any sort of relief to address his concerns.

ORDER – 5

## IV. CONCLUSION

Having reviewed City Light's Motion, documents filed in support, and the remainder of the record, the Court finds and ORDERS:

1. Defendant Seattle City Light's Motion for Sanctions (Dkt. #40) is GRANTED.
2. All of Plaintiff's claims are DISMISSED with prejudice.
3. This matter is now CLOSED.
4. The Clerk shall send a copy of this Order to Plaintiff, via U.S. Mail, at the following two addresses:

   Betheal Gebrehawariat  
   1203 NE 135th St. #201  
   Seattle, WA 98125

   Betheal Gebrehawariat  
   1203 NE 135th St. #210  
   Seattle, WA 98125

Dated this 26th day of July 2019.

RICARDO S. MARTINEZ  
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 6